SAMUEL FROTHINGHAM & AL., v. JOSEPH P. MORSE.

Where gold coin was pledged as security for becoming bail, and it afterwards rose in value much above par, it was *held*, that, in an action for money had and received, the damages must be limited to the amount of *money* received with interest, and could not be enhanced by an increase of its value as merchandise; and *held* also, that, in trover, the measure of damages would be the value of the coin at the time it was converted, and not when the verdict was rendered.

THIS was an action for money had and received.    In the specification the plaintiffs claimed to recover the identical gold, $50,00, which the plaintiffs deposited with the defendant as a deputy of the sheriff, on the 10th day of August 1860, for bail of the plaintiffs whom the defendant had arrested as a deputy of the sheriff.

Upon the matter of damages, the plaintiffs requested the court to instruct the jury, that, as the plaintiffs were entitled to an indemnity, or to the gold deposited, it was competent for them to assess damages to an amount equal to the value of the gold, the day the verdict should be rendered.

The court declined to so instruct the jury, but told the jury that they might cast interest on the amount of the deposit, from the day the defendant undertook to attach the gold, saying, if the plaintiffs' request ought to have been complied with, the verdict could be amended so as to conform to the value of gold, this day, which the parties agreed was $2.08.

*Hackett,* for plaintiffs.

*Webster,* for defendant.

BELLOWS, J. The action of assumpsit for money had and received is the appropriate form of remedy where the defendant has received money, or that which is treated as money, to the use of the plaintiff; but it will not lie for stocks, goods, or other articles, unless, by the understanding of the parties, they were to be treated as money. 2 Greenl. Evi. secs. 117, 118.

Where goods have been tortiously taken and converted *into* money, the owner may waive the tort and recover for money had and received; but in such case he can only recover the amount of money received by the defendant, with interest. As where money was paid upon an illegal assessment of taxes, it was held that the costs of the distress could not, in an action for money had and received, be included in the damages. *Dow v. First Parish of Sudbury,* 5 Met. 73. In the similar case of *Shaw v. The Inhabitants of Becket,* 7 Cush. 442, where the collector had seized and sold property to a greater amount than the illegal tax, and had paid over the amount of the tax to the town, but retained the surplus to be paid to the plaintiff, it was held that plaintiff could only recover the amount of the tax and interest, but not the surplus or costs, in this form of action; although, had he brought trespass, he might have recovered the whole value of the property seized.

So, where money has been paid upon a consideration which has failed, the damages in this form of action will be limited to the money actually paid and interest, although in some other form of action a larger sum might have been recovered. 2 Greenl. Evi. sec. 124, and note, citing *Neel v. Deans,* 1 Nott & McCord, 210.

Upon these principles, the damages must be limited in this action to the amount of *money* received by the defendant with interest. If the coin received were to be regarded as merchandise, this action would not lie at all; and, as money, it can be regarded as fifty dollars and no more. At the time it was received, it was worth no more, and if since that time it has been wrongfully converted, the tort must be considered as waived by the form in which the plaintiff sues, and the gold can only, in this action, be treated as money.

Again, if there has been a conversion of the gold by the attachment, the measure of damages in an action of trover would be its value at the time of such conversion. *Pinkerton v. The Manchester & Lawrence Railroad,* 42 N. H. 424—457.

Under our decisions, then, in no form of action would the plaintiff be entitled to the value of the gold on the day the verdict was rendered; but the measure of damages in those cases where a greater sum than the nominal value might in any event be recovered, would be the value of the gold at the time it ought to have been returned. When that was is not stated, but, of course, it may be assumed that it was not on the day of the trial, and therefore there could have been no error in declining to instruct the jury as requested, even had the action been trover.

In this form of action, however, only the value of the gold as money, with interest, could be recovered, and therefore there must be

*Judgment on the verdict.*